UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SUSANNE ZIEGLER, *et al*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN, *et al.,*<br><br>                    Defendants. | 2:11-cv-01301-PMP-VCF<br><br>**ORDER**<br><br>**(Motion to Extend Time to Serve Complaint (#30))** |

Before the court is plaintiffs' Motion to Extend Time to Serve Complaint. (#30). No Opposition was filed. The court held a hearing on January 30, 2013. (#41).

**A.     Background**

Plaintiff filed her complaint on August 11, 2011. (#1). On September 12, 2011, defendant Naphcare, Inc. filed a motion to dismiss (#11), and on September 30, 2011, defendant Las Vegas Metropolitan Police Department (hereinafter "LVMPD") filed a joinder (#14) thereto. On December 15, 2011, the court issued an order granting the motion to dismiss (#11), and holding that "at this stage the Court lacks jurisdiction to consider the claims set forth in [p]laintiff's [c]omplaint" because plaintiff is not the administrator of the estate. (#27). The court dismissed the complaint *without prejudice* for "the dully appointed Administrator or Co-Administrators of the Estate of Francesco Sanfilippo to bring appropriate claims for relief...if and when they are appointed." *Id.* On December 16, 2011, plaintiff filed a notice of compliance with the court's order (#27), providing the court with a copy of the order granting the application for appointment of special co-administrators and for issuance of letters of

special administration filed with the State Court, and stating that plaintiff will supplement upon receipt of the file stamped copy. (#28).

On November 5, 2012, the court issued a notice of intent to dismiss pursuant to Local Rule 41-1. (#29). On November 20, 2012, plaintiff filed a motion to extent time to serve complaint, asserting that the "instant [c]omplaint" was filed on June 25, 2012. (#30). As no entry on the court's docket reflected the filing of any supplement to plaintiff's notice of compliance (#28) or the filing of a complaint other than the original complaint filed on August 11, 2011 (#1), the court issued an order on November 26, 2012, holding "that, on or before December 10, 2012, plaintiff must file with the court her amended complaint and supplement to her notice of compliance (#28), and defendants must file any opposition to the motion to extend time to serve complaint (#30)." (#31).

It came to the court's attention that instead of filing an amended complaint in this action, plaintiff commenced an entirely new action *Ziegler et al v. Las Vegas Metropolitan Police Department et al* (Case No. 2:12-cv-01082-KJD -PAL)[1]. The complaint was filed on June 25, 2012 (#1), and the court issued a 4(m) notice of intent to dismiss on October 25, 2012 (#4). On November 26, 2012, plaintiff filed a motion to extend time to serve complaint. (#5). The court issued an order denying without prejudice the motion to extend time (#5), and stating that "Plaintiffs are ordered to show cause, in writing, no later than 4:00 p.m. on December 30, 2012, why this case should not be dismissed as identical to and duplicative of *Ziegler v. Las Vegas Metropolitan Police Department*, 2:11-cv-01301-PMP-VCF." (#6). Since plaintiffs did not comply with the court's previous order (#6), on January 14, 2013, the court issued an order to show cause, stating that plaintiffs "shall show cause, in writing, no later than January 28, 2013, why sanctions should not be imposed for their failure to show cause and comply with this court's Order," and that "[f]ailure to comply with this Order will result in a recommendation to the district judge that this case be dismissed as identical to and duplicative of case No 2:11-cv-1301." (#7).

---

[1] All docket entries in this paragraph refer to Case No. 2:12-cv-01082-KJD -PAL.

On December 21, 2012, this court issued an order in the instant action scheduling a hearing for January 30, 2013, regarding the motion to extend time to serve complaint (#30). (#32). On January 2, 2013, the plaintiffs Susanne ZIEGLER, individually, and ZIEGLER and Alexander M. Mazzola as Co-Special Adminstrators of the Estate of Francesco Sanfilippo filed their first amended complaint in this action. (#33). The amended complaint names LVMPD, Carl Guilford, Naphcare, Inc., Doe Officers, and Doe Health Care Providers as defendants. *Id.* Plaintiffs allege the same causes of action as in the original complaint (#1), and only added the Co-Special Administrators to the list of parties. *Id.* On January 4, 2013, plaintiffs filed proposed summons to be issued to defendant Guilford (#35), LVMPD (#36), and Naphcare, Inc. (#39). Summons were issued to all defendants on the same day. (#38 and #40).

    **B.**    **Motion to Extend Time for Service**

The court held a hearing on January 30, 2013. (#41). Plaintiffs' counsel explained during the hearing that the failure to file the amended complaint in this action and instead commence an entirely new action (Case No. 2:12-cv-01082-KJD -PAL) was due to a clerical error. *Id.* Counsel stated that the statute of limitations does not run until July 29, 2013, and that plaintiffs would prefer to dismiss Case No. 2:12-cv-01082-KJD -PAL, the "mirror action," and continue in the instant action. *Id.* Defense counsel agreed that dismissing the "mirror action" is appropriate and that the statute of limitations would not run until July of 2013. *Id.* The parties orally stipulated that the dismissal of the "mirror action" does not constitute a previous dismissal for purposes of Federal Rule of Civil Procedure 41(a)(1)(B). *Id.*

Plaintiff stated during the hearing that LVMPD and Guilford were served on January 29, 2013, and that plaintiff is currently attempting service on Naphcare's resident agent in Carson City. *Id.* Plaintiff also represented to the court that he believes that his office has a file stamped copy of the order granting the application for appointment of special co-administrators and for issuance of letters of

special administration. On or before February 28, 2013, plaintiff must supplement the notice of compliance (#28) with a file stamped copy and file proof of service of the summons and complaint for all defendants.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiffs' Motion to Extend Time to Serve Complaint (#30) is GRANTED.

IT IS THEREFORE ORDERED that, on or before February 28, 2013, plaintiff must supplement the notice of compliance (#28) with a file stamped copy of the order granting the application for appointment of special co-administrators and for issuance of letters of special administration and file proof of service of the summons and complaint for all defendants.

DATED this 4th day of February, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE