UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SUSANNE ZEIGLER and ALEXANDER MAZZOLA,

        Plaintiffs,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

        Defendants.

2:11-CV-01301-PMP-VCF

ORDER

        Presently before the Court is Plaintiffs' Motion for Relief From Order Pursuant to FRCP 60(B) (Doc. #48), filed on May 10, 2013. Defendant Naphcare, Inc. ("Naphcare") filed an Opposition (Doc. #50) on May 21, 2013. Plaintiffs did not file a reply.

**I. BACKGROUND**

        On August 11, 2011, Plaintiff Susanne Zeigler ("Zeigler"), individually and as the "proposed" special administratrix of the estate of her brother, Francesco Sanfilippo ("Sanfilippo"), brought this action against Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Naphcare, and Carl Guilford ("Guilford"). (Compl. (Doc. #1).) Plaintiff Zeigler alleged Sanfilippo was a pre-trial detainee at Clark County Detention Center when he was housed with a violent and mentally unstable detainee, Defendant Guilford. (Id. at 4.) Plaintiff Zeigler alleged Defendants LVMPD and Naphcare knew Guilford was mentally unstable, had admitted to killing his nephew, and was not taking his medication. (Id.) Plaintiff Zeigler further alleged Defendants had special cells to house mentally ill detainees to separate them from the general population, but Guilford

nevertheless was housed with Sanfilippo.  (Id.)  Guilford murdered Sanfilippo on July 29, 2011.  (Id.)  Plaintiff thus asserted claims against LVMPD and Naphcare under 42 U.S.C. § 1983 (counts one through three), as well as several state law claims (counts four through seven).

Defendant Naphcare moved to dismiss the Complaint on various grounds in September 2011, including that Plaintiff Zeigler lacked standing to pursue the claims in the Complaint because she was only the "proposed" administratrix of Sanfilippo's estate.  (Def. Naphcare, Inc.'s Mot. to Dismiss Pl.'s Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #11).)  Defendant LVMPD joined in parts of the motion.  (Def. Las Vegas Metro. Police Dep't's Partial Joinder to Naphcare, Inc.'s Mot. to Dismiss (Doc. #14).)  On December 15, 2011, the Court granted Naphcare's Motion, ruling that Plaintiff Zeigler was not the administratrix of Sanfilippo's estate, and it appeared she likely would not be qualified to serve as such under Nevada law.  (Order (Doc. #27).)  The Court therefore dismissed the Complaint, without prejudice to the duly appointed administrator of Sanfilippo's estate to bring the claims if and when properly appointed.  (Id.)

The next day, Plaintiff filed a "Notice of Compliance" in this case which provided a copy of a Nevada state court order appointing Plaintiff Zeigler and Plaintiff Alexander Mazzola ("Mazzola") as co-administrators of Sanfilippo's estate.  (Notice of Compliance (Doc. #28).)  In June 2012, Plaintiffs Zeigler and Mazzola filed an identical lawsuit in this Court in an entirely separate case, Zeigler v. Las Vegas Metropolitan Police Department, 2:12-CV-01082-KJD-PAL ("Zeigler II").  That complaint was never served on Defendants, and consequently, on October 25, 2012, the Clerk of Court issued a notice of intent to dismiss for failure to timely serve.  (Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Fed. R. Civ. P. (Doc. #4 in 2:12-CV-01082-KJD-PAL).)  On November 26, 2012, Plaintiffs moved to extend time to serve the complaint in Zeigler II.  (Mot. to Extend Time to Serve Compl. (Doc. #5 in 2:12-CV-01082-KJD-PAL).)

No further action was taken in the present case until November 5, 2012, when the Clerk of Court issued a notice pursuant to Local Rule 41-1 that if Plaintiff Zeilger took no action in the case by December 5, 2012, the Clerk of Court would apply to the Court for dismissal for want of prosecution.  (Notice Regarding Intent to Dismiss for Want of Prosecution Pursuant to Local Rule 41-1 (Doc. #29).)  On November 20, 2012, Plaintiffs filed a motion to extend time to serve an amended complaint that Plaintiffs' counsel contended had been filed in this action.  (Mot. to Extend Time to Serve Compl. (Doc. #30) at 2.)

In moving to extend time in both this case and in Zeigler II, Plaintiffs' counsel stated he was "shocked" to receive the Court's Notices because he had directed his former secretary to draft a stipulation to stay the proceedings due to Defendant Guilford being in a mental health facility to assess his mental capacity in relation to murder charges pending against him.  (Id.; Mot. to Extend Time (Doc. #5 in 2:12-CV-1082-KJD-PAL).)  However, as the Court noted on November 26, 2012, no amended complaint was on file in this action. (Order (Doc. #31).)  And in Zeigler II, the Court noted Plaintiffs' counsel's apparent confusion between the two cases and entered an order to show cause why Zeigler II should not be dismissed as duplicative of this action.  (Order (Doc. #6 in 2:12-CV-1082-KJD-PAL).)

The Court ordered Plaintiffs to file an amended complaint in this action and to supplement the notice of compliance with a file-stamped copy of the state court's order appointing Plaintiffs as co-administrators by December 10, 2012.  (Order (Doc. #31).) Plaintiffs did not file an amended complaint or the file-stamped copy of the state court order in this case by December 10, 2012 as ordered.

On December 21, 2012, the Court entered an Order (Doc. #32) setting a hearing before the Magistrate Judge for January 30, 2013 on Plaintiffs' motion to extend time.  On January 2, 2013, Plaintiffs filed a First Amended Complaint (Doc. #33) in this action.  At

the January 30 hearing, Plaintiffs explained that filing the new action was a clerical error, and Plaintiffs requested dismissal of <u>Zeigler II</u>.  (Order (Doc. #42).)  The Court granted Plaintiffs' motion to extend time to serve the First Amended Complaint in this action, and gave Plaintiffs until February 28, 2013 to comply with the Court's prior Order to file the file-stamped copy of the state court order.  (Mins. of Proceedings (Doc. #41); Order (Doc. #42).)  <u>Zeigler II</u> was dismissed by stipulation in early February 2013.  (Stip. & Order to Dismiss (Doc. #9 in 2:12-CV-01082-KJD-PAL).)  In this action, Plaintiffs filed a Notice of Compliance (Doc. #44) regarding the file-stamped copy of the state court order around the same time.

On February 11, 2013, Defendant Naphcare moved to dismiss on a variety of grounds, however Naphcare erroneously attached its previous motion to dismiss which was aimed at the original Complaint.  (Def. Naphcare, Inc.'s Mot. to Dismiss Pls.' Compl. (Doc. #43).)  On March 1, 2013, Naphcare filed an errata which attached its motion to dismiss the First Amended Complaint.  (Def. Naphcare, Inc.'s Errata to its Mot. to Dismiss Pls.' First Am. Compl. (Doc. #45).)  Naphcare's errata was substantially the same as its original motion to dismiss, except it omitted arguments regarding Plaintiffs' standing to maintain the suit as estate representatives.  Plaintiffs did not respond to Naphcare's motion or errata, and the Court therefore granted Naphcare's motion to dismiss on March 8, 2013.  (Order (Doc. #47).)

Two months later, Plaintiffs filed the present Motion for Relief from Order Pursuant to FRCP 60(b) or in the alternative to Extend Time to File an Opposition (Doc. #48).)  Plaintiffs contend they did not receive Naphcare's motion to dismiss or errata, and only learned about the dismissal through communication with other counsel in the case.  Plaintiffs argue they would have opposed Naphcare's motion, as demonstrated by their response to Naphcare's first motion to dismiss, and the failure to oppose was the result of excusable neglect under Federal Rule of Civil Procedure 60(b).  Defendant Naphcare

responds Plaintiffs have not identified any excusable neglect, as Plaintiffs' counsel received the motion and errata through the Court's electronic filing system and has offered no explanation for why Plaintiffs did not timely respond.  Naphcare also argues it will be prejudiced because it has been litigating this case for nearly two years.

**II.  DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [ ] mistake, inadvertence, surprise, or excusable neglect."  Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993).  Whether neglect is excusable is an equitable determination which takes "account of all relevant circumstances surrounding the party's omission."  Id. at 395.  To determine when neglect is excusable, the Court considers "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quotation omitted).  "Rule 60(b) is remedial in nature and . . . must be liberally applied."  Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1262 (9th Cir. 2010) (quotation omitted).  Whether to grant relief under Rule 60(b)(1) lies within the Court's discretion.  Lemoge, 587 F.3d at 1191-92.

As to the first factor, the only prejudice Naphcare identifies is the fact that it has been defending this litigation for two years.  However, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case."  Id. at 1196.  Naphcare has not identified any prejudice such as a change in position or lost evidence which would weigh against granting Plaintiffs relief under Rule 60(b)(1).

///

As to the length of the delay and its potential impact on the proceedings, Plaintiffs moved for relief two months after the Court granted Naphcare's motion. Plaintiffs' counsel states he recently learned of the dismissal through a conversation with counsel representing another party in the case, and he filed the instant motion in response soon thereafter. The case has been pending for some time, but the parties have yet to enter a scheduling order. Allowing Plaintiffs to respond therefore will not have a material negative impact on the proceedings.

Although Plaintiffs' counsel acted within a reasonable time upon learning of the dismissal, Plaintiffs' counsel should have been aware of the motion, errata, and dismissal Order when they were filed months ago. Plaintiffs' counsel contends he did not become aware of the motion and subsequent dismissal until an attorney representing another party in the case advised him of the situation. (Aff. of E. Brent Bryson, Esq. (Doc. #49) at 2.) Plaintiffs' counsel also states that "[a]ssuming that my office actually received the motions (and affiant does not know this fact), apparently no one on my staff opened them." (Id.) However, Plaintiffs' counsel received notice of the motion, errata, and the Court's Order through the Court's electronic case filing system at the email address he provided to the Court. It is Plaintiffs' counsel's responsibility to maintain an accurate email address. (Special Order 109, U.S. Dist. Ct., Dist. of Nev. Electronic Filing Procedures, §§ II.C, IV.A-B.) Additionally, it is Plaintiffs' counsel's responsibility to read and respond to filings and to monitor the proceedings in cases in which he is counsel of record. The reason for the delay was completely within Plaintiffs' counsel's control, and weighs against granting Rule 60(b)(1) relief.

However, the final factor of good faith weighs in favor of granting Rule 60(b)(1) relief. Plaintiffs' counsel states in his affidavit that Plaintiffs' failure to oppose Naphcare's motion "was not deliberate, was not willful, was clearly not a strategy decision, and was not an effort to evade the issues." (Aff. of E. Brent Bryson, Esq. at 2.) Plaintiffs previously

6

opposed Naphcare's first motion to dismiss, which raised essentially the same issues. There is evidence of carelessness and inattention on Plaintiffs' counsel's part, but no evidence of bad faith.

Taking all these circumstances together, the Court, in its discretion, concludes that equity weighs in favor of extending the time for Plaintiffs to oppose Naphcare's motion. Naphcare will suffer no prejudice, the delay was not so lengthy as to impact the proceedings in this case, Plaintiffs previously opposed Naphcare's nearly identical prior motion, and there is no evidence Plaintiffs' failure to timely respond was the result of bad faith. The Court therefore will grant Plaintiffs' Motion for Relief. Plaintiffs must file a response to Naphcare's motion to dismiss on or before June 19, 2013. Absent extraordinary circumstances, no further extensions will be permitted. Failure to respond to the motion will result in dismissal with prejudice of Plaintiffs' claims against Naphcare.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Relief From Order Pursuant to FRCP 60(B) (Doc. #48) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall file a response to Defendant Naphcare, Inc.'s Motion to Dismiss attached as Exhibit A to the Errata (Doc. #45) on or before June 19, 2013. No further extensions will be permitted absent extraordinary circumstances. Failure to respond will result in dismissal with prejudice of Plaintiffs' claims against Defendant Naphcare, Inc.

IT IS FURTHER ORDERED that the parties shall file a proposed scheduling order on or before June 28, 2013.

DATED: June 7, 2013

_____
PHILIP M. PRO
United States District Judge

7