# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Susanne Zeigler, et al., | 2:11-cv-01301-JAD-VCF |
| Plaintiffs | **Order Granting Defendants' Motions to Strike, Denying Defendants' Motion to Dismiss as Moot, and Striking Guilford's Crossclaim** |
| v. | |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants | **[ECF Nos. 105, 108, 109, 110]** |

Susanne Zeigler sues Carl Guilford, the Las Vegas Metropolitan Police Department, and Naphcare, Inc. for the wrongful death of her brother, Francesco Sanfilippo.  Sanfilippo was brought to Clark County Detention Center "as a result of a DUI charge" when Guilford—who admitted to murdering his 6-year-old nephew with a blanket—"heard the devil speak to him" and stabbed Sanfilippo to death in their shared cell with a pencil.[1]

The parties are in the midst of litigating dispositive motions and, although the deadline to add claims expired 7 months ago,[2] Guilford recently filed a cross-complaint.[3]  He argues that his cross-complaint should be not time barred because he has been mentally incapacitated on antipsychotic drugs and his appointed criminal-defense attorney failed to inform him of the civil action pending against him.[4]  Accordingly, Guilford asks me to either toll the scheduled deadlines or amend them to permit him to file a crossclaim.

---

[1] ECF No. 1 at ¶ 15.

[2] *See* ECF No. 76.

[3] ECF No. 105.

[4] ECF No. 111.

Rule 16(b)(4) governs scheduling orders and states that "[a] schedule may be modified only for good cause and with the judge's consent."[5] Local Rule 26-4 supplements Rule 16 and provides that a deadline may be extended only if a motion is made "no later than 21 days before the expiration of the subject deadline."[6] If a request is made after the expiration of the subject deadline, then the movant must show that the failure to meet the deadline was the product of excusable neglect.[7] I have broad discretion in supervising the pretrial phase of litigation and controlling the docket.[8]

While I am sympathetic to Guilford's mental-health issues and his alleged incapacitation, his cross-complaint is untimely and therefore stricken. More than three months ago, on February 22, 2016, Guilford filed two notices stating that he had been "under heavy prescription meds" but had "stopped taking medicine" and was "now handling all affairs" related "to this suit" on his own.[9] But neither his cross-complaint nor his opposition to the various motions to dismiss and strike explain why he was unable to file his cross-complaint in February. I therefore find that Guilford has not demonstrated excusable neglect for failing to file a timely pleading.

Accordingly, IT IS HEREBY ORDERED that NaphCare, Inc. and Las Vegas Metropolitan Police Department's **motions to strike Guilford's untimely [ECF No. 108, 110] are GRANTED**, and the Clerk of Court is directed to STRIKE Guilford's **crossclaim [ECF No. 105]**.

IT IS FURTHER ORDERED that Las Vegas Metropolitan Police Department's **motion to dismiss the crossclaim [ECF No. 109] is DENIED as moot**.

Dated this 31st day of May, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[5] FED. R. CIV. P. 16(b)(4).

[6] LR 26-4.

[7] *Id.*

[8] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

[9] ECF Nos. 95, 96.